JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -7 1989

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 797

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ALLEGED FRAUD LITIGATION INVOLVING DELCO WIRE AND CABLE COMPANY, ET AL.

Carol Cable Company, Inc. v. Lawrence H. )    D. RHODE ISLAND
   Koffler, et al., C.A. No. 88-0556(ECT) )

United States of America v. Delco Wire )    E.D PENNSYLVANIA
   and Cable Company, Inc., C.A. No. )
   87-8262(VA) )

TRANSFER ORDER*

     This litigation consists of two actions, one action each pending in the District of Rhode Island and the Eastern District of Pennsylvania. Before the Panel is a motion by four individuals, who are defendants in one or both of the actions, for transfer of the Rhode Island action under 28 U.S.C. §1407 to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the action pending there. All parties to this docket apart from movants oppose transfer.

     On the basis of the papers filed,[1] the Panel finds that these actions involve common questions of fact and that centralization under Section 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. While the legal theories in the actions may vary, both actions share a core of complex questions concerning a conspiracy to defraud allegedly entered into by three common defendants and others in connection with the sale to the United States of electronic wire and cable manufactured and/or distributed by, inter alia, Carol Cable Company, Inc. Transfer under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. We point out also that Section 1407 transfer has the salutary effect of placing both actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common

---

\*    Judge Louis H. Pollak took no part in the decision of this matter.

[1]    The parties to this docket waived oral argument and, accordingly, the question of transfer under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

issues, In re Joseph F. Smith Patent Litigation, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of both actions to the overall benefit of the parties.

In selecting the Eastern District of Pennsylvania as transferee forum, we note that:  1) the first-filed and most advanced action is pending there; 2) documents relevant to this litigation are in the possession of a grand jury sitting in the Eastern District of Pennsylvania; and 3) the allegedly defrauded government purchasing agency, as well as certain of the entities through which the fraud was allegedly perpetrated, are located in the Eastern District of Pennsylvania, and relevant witnesses and documents connected to these entities can be expected to be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the first above-captioned action pending in the District of Rhode Island be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Donald W. Van Artsdalen for coordinated or consolidated pretrial proceedings with the second above-captioned action that is already pending there.

FOR THE PANEL:2/

Andrew A. Caffrey
Chairman

---

2/   Judge Robert H. Schnacke dissents from this decision of the Panel.